plaintiff nor aid the defendant. The tax is raised solely for other purposes, and the moving papers show that, if it was fully paid, there would be nothing available with which to pay the plaintiff's judgment. We may therefore treat the tax for city purposes as substantially collected before the execution was issued.

The order setting aside the execution was therefore erroneously made, and is reversed, with costs.

Order reversed, with $10 costs and disbursements. All concur.

---

### HODGE v. RURLAND R. CO.

(Supreme Court, Appellate Division, Third Department. March 7, 1906.)

1. CARRIERS—INJURY TO PASSENGER—RELEASE OF LIABILITY.
   Where a person in charge of freight was carried free by the railroad company under a contract by which he released the company from all claims on account of personal injury which might be sustained by him by the negligence of the company or otherwise, he was precluded from recovering from the carrier for an injury caused by the negligence of its servants.
   [Ed. Note.—For cases in point, see vol. 9, Cent. Dig. Carriers, §§ 1254, 1258.]

2. DEATH—CONTRACT EXEMPTION FROM LIABILITY—RIGHTS OF NEXT OF KIN.
   Under Code Civ. Proc. § 1902, giving to the next of kin of any person killed by the negligence of another a right of action against any person or corporation who would have been liable to an action in favor of decedent if death had not resulted from the injury, the next of kin of a passenger who was killed while being carried free of charge under a contract by which he released all claims that might arise from any personal injury were not entitled to recover for his death.
   [Ed. Note.—For cases in point, see vol. 15, Cent. Dig. Death, § 17.]

Appeal from Trial Term, Franklin County.

Action by Eliza Hodge, as administratrix, against the Rurland Railroad Company. From a judgment for plaintiff, and from an order denying a motion for a new trial, defendant appeals. Reversed and remanded.

One McCarthy shipped potatoes over the defendant's road in the winter, under a written contract by which, for a reduced freight rate and the carriage of the person accompanying them without charge other than the sum paid for carriage of the potatoes, he agreed that the company should not be liable for any injury, by negligence or otherwise, to the potatoes or the person accompanying them. The shipper acknowledged that he had an option to accept this reduced rate and those terms or pay the official tariff, and thereby receive the security of the liability of the company as a common carrier, and that he had voluntarily accepted the reduced rate under the contract. Attached to the contract was a contract signed by the decedent, who was in charge of the potatoes, reciting that, in consideration of his carriage upon a freight train in charge of the potatoes without a charge other than the sum paid for carrying the potatoes mentioned in the contract, he voluntarily assumed all risk of accident or damage to his person and released and discharged the company from every and all claims, liabilities, and demands of every kind, nature, and description, for or on account of any personal injury or damage of any kind sustained by him, whether caused by the negligence of the company or otherwise. While the potatoes in the intestate's charge were in transit, he was killed by reason of the alleged negligence of the defendant or its servants. By the judgment appealed from his administratrix recovers damages for his death, the court ruling that the exemption from

liability provided by the contract did not include any liability to the next of kin, which question was not contemplated by the contract, but, if it was intended to be included in the contract, that the intestate had no power to make it, and that the contract in that respect was void; and the court charged the jury that if the defendant was negligent the plaintiff could recover, to which rulings exceptions were duly taken. The charge allowed a recovery for negligence, without regard to whether it was the act or omission of the defendant's servants in not performing their duties, or of the company itself, or whether the negligence was gross or otherwise.

Argued before PARKER, P. J., and SMITH, CHESTER, KELLOGG, and COCHRANE, JJ.

Badger & Cantwell (John P. Badger, of counsel), for appellant.
B. W. Berry and C. A. Burke (R. A. Moore, of counsel), for respondent.

JOHN M. KELLOGG, J.  If Hodge (the decedent) had survived, he could not recover against the defendant for an injury caused by the negligence of its servants.  Poucher v. N. Y. C. R. R. Co., 49 N. Y. 263, 10 Am. Rep. 364; Bissell v. N. Y. C. Railroad Co., 25 N. Y. 442, 82 Am. Dec. 369.  The cause of action for causing death by negligence is given by section 1902 of the Code of Civil Procedure, and is given only against a person "who, or a corporation which, would have been liable to an action in favor of the decedent by reason thereof if death had not ensued."  In Northern Pacific Railway Co. v. Adams, 192 U. S. 440, 24 Sup. Ct. 408, 48 L. Ed. 513, where the Idaho statute gave a cause of action "against the person causing the death," and contained no provision similar to the one above quoted from our statutes, it was held that the company was not liable to the estate of a person killed by the company's negligence, where he was riding on a contract which provided that the company should not be liable for any injury to his person.  The same rule has been applied in this state.  Bissell v. N. Y. C. R. R. Co., supra; Perkins v. N. Y. C. R. R. Co., 24 N. Y. 196, 82 Am. Dec. 281.

The judgment and order are therefore reversed, and a new trial ordered, with costs to the appellant to abide the event.  All concur.