Edgar A. LAUDERDALE, Sr., Plaintiff

v.

Eugene G. SMITH, Chief of Police, City of Little Rock, Arkansas, Defendant.

Civ. No. 3764.

United States District Court
E. D. Arkansas, W. D.

Sept. 27, 1960.

Amis Guthridge, Little Rock, Ark., Sidney W. Provensal, Jr., New Orleans, La., for plaintiff.

Joseph C. Kemp, City Atty., Little Rock, Ark., for defendant.

YOUNG, District Judge.

This is an action for alleged violation of plaintiff's civil rights. Rev.Stat. § 1979 (1875); 42 U.S.C.A. § 1983 (1958).

At the time of commencement of this action the defendant was Chief of Police of the City of Little Rock, Arkansas. After the complaint was filed the defendant died.

The administrator of the estate of defendant has filed a motion suggesting the death of Smith and moving to dismiss the action, while plaintiff has moved to revive the action against the administrator of the defendant's estate.

The Motion to Dismiss is granted.

The plaintiff's cause of action is based upon alleged due process violations incident to his arrest for dynamiting a public building in the City of Little Rock. He seeks to recover for improper arrest, for detention without right to see counsel, for detention for an unreasonable time before being charged with an offense, and for the setting of excessive bail—all alleged to have occurred at the direction of defendant acting under color of State law.

He asserts that the actions of defendant harmed his reputation and standing in the community, caused injury to his business, brought embarrassment, humiliation and grief to his family and himself. It is clear that any possible damage to plaintiff's business was incidental to any damage to his reputation and standing in the community and was not the direct result of any action of defendant, lawful or otherwise, complained of in this action.

In other words, his action is for vindication of rights personal to himself. These violations of plaintiff's civil rights, if true, are in the nature of personal wrongs, similar to tort actions for slander, false imprisonment, malicious prosecution, and invasion of privacy. The question before the court is whether such alleged violations of plaintiff's civil rights survive the death of defendant. It is my conclusion that they do not, and that the action must abate.

The right of action plaintiff seeks to enforce was created by Congress and is governed by federal substantive law. See Nelson v. Knox, 6 Cir., 1956, 230 F.2d 483. In the absence of Congressional provision for the survival of such cause of action we must resort to the common law, as developed in the federal courts. As so developed, the rule is said to be that causes of action akin to contract actions or to tort actions affecting property rights survive, while those akin to tort actions in the nature of personal wrongs abate, the reason for redressing purely personal wrongs ceasing to exist when the person inflicting the injury cannot be punished. Barnes Coal Corp. v. Retail Coal Merchants Ass'n, 4 Cir., 1942, 128 F.2d 645.

This federal rule, though contrary to the Arkansas legislation upon the subject—see Ark.Stats.1947, §§ 27–901, 27–902 (wrongs to person, other than slander and libel, survive death of wrongdoer)—controls this case. The gravamen of plaintiff's allegations being for the vindication of wrongs to his person, I hold that his cause of action abated upon the defendant's death.