Charlie W. POLLARD et al., Plaintiffs,

Carrie Bell Griffin, Plaintiff-Intervenor,

v.

The UNITED STATES of America et al., Defendants.

Civ. A. No. 4126–N.

United States District Court, M. D. Alabama, N. D.

Oct. 31, 1974.

Fred D. Gray, Gray, Seay & Langford, Tuskegee, Ala., and Jack Greenberg, James M. Nabrit, III, and Jack H. Himmelstein, New York City, for plaintiffs.

Cleveland Thornton, Tuskegee, Ala., for plaintiff-intervenor, Carrie Bell Griffin.

Rowan S. Bone, Keener & Cusimano, Gadsden, Ala., Harry D. Raymon, Raymon, Russell, Nathanson & Segrest, and T. Dudley Perry, Tuskegee, Ala., for Class plaintiffs.

Ira DeMent, U. S. Atty., and Kenneth E. Vines, Asst. U. S. Atty., M. D. Ala., Montgomery, Ala., and Lawrence Klinger, Civ. Div., Dept. of Justice, Washington, D. C., for the U. S.

William J. Baxley, Atty. Gen., David W. Clark, Asst. Atty. Gen., and James T. Pons, Sp. Asst. Atty. Gen., of Ala., and by Herman H. Hamilton, Jr., and Champ Lyons, Jr., Capell, Howard, Knabe & Cobbs, Montgomery, Ala., for State Health Officer of Ala. and Members of Ala. State Committee of Public Health.

## ORDER

JOHNSON, Chief Judge.

This cause is now submitted upon separate motions of the individual state defendants and of the United States for this Court to enter summary judgments in their favor with respect to certain claims. The submission is upon the pleadings, depositions, affidavits, interrogatories, documents, and briefs of the parties.

*Motion for summary judgment by the individual state defendants.*

The defendants Myers, Chenault, Burleson, Strandell, Adams, and Bush (hereinafter, the "state defendants") move this Court to enter partial summary judgments in their favor with respect to all claims filed by plaintiff administrators and executors whose decedents died more than two years preceding the filing of the original complaint in this cause on July 24, 1973. Claims have been alleged against the state defendants arising under both federal law and state law:

(1) *Federal law.* Plaintiffs have stated claims against the state defendants arising under 42 U.S.C. §§ 1981, 1983, 1985, and 1986.

■ Since there is no express federal remedy for wrongful death under the civil rights statutes (42 U.S.C. §§ 1981, 1983, and 1985), the common and statutory law of the State of Alabama must be looked to for a suitable remedy not inconsistent with the Constitution and laws of the United States. 42 U.S.C. § 1988. An action against these state defendants for the wrongful deaths of plaintiffs' decedents resulting from violations of the civil rights statutes gives rise, by virtue of Alabama's wrongful death statute, to federally enforceable claims for damages by their personal representatives. Brazier v. Cherry, 293 F.2d 401 (5th Cir. 1961), cert. denied, 368 U.S. 921, 82 S.Ct. 243, 7 L.Ed.2d 136 (1961), cited with approval in Moor v. County of Alameda, 411 U.S. 693, 702–703, n. 14, 93 S.Ct. 1785, 36 L.Ed.2d 596 (1973).

■ With the exception of 42 U.S.C. § 1986, which will be considered below, none of the civil rights statutes at issue in this motion contains a statutory period of limitation. It is well established that in such instances where Congress has provided no period of limitation for a federal claim, the federal court must borrow the applicable statute of limitations which the state in which it sits would enforce had an action seeking similar relief been brought in a court of that state. O'Sullivan v. Felix, 233 U.S. 318, 34 S.Ct. 596, 58 L.Ed. 980 (1914); McGuire v. Baker, 421 F.2d 895, 898 (5th Cir. 1970), cert. denied, 400 U.S.

820, 91 S.Ct. 37, 27 L.Ed.2d 47 (1970); Beard v. Stephens, 372 F.2d 685, 688 (5th Cir. 1967).

Title 7, § 123 of the Alabama Code provides that all actions for wrongful death must be brought "within two years from and after the death of the testator or intestate." Whether this provision be considered a statute of limitations or an essential element of the right to sue, Nicholson v. Lockwood Greene Engineers, Inc., 278 Ala. 497, 500, 179 So.2d 76 (1965); Woodward Iron Company v. Craig, 256 Ala. 37, 53 So.2d 586 (1951), it is clear that an Alabama court would enforce the two-year limitation period if a similar suit had been brought before it.

Plaintiffs argue, however, that this Court should adopt the state limitation provision only if it would assist an injured plaintiff and should disregard it if its effect would be to bar an otherwise meritorious claim because of lapse of time.[1] Such a construction of 42 U.S.C. § 1988 would be contrary to the well-settled practice of adopting applicable state limitation periods and would lead to the anomalous result in many cases of there being no limitation period within which such federal claims must be pursued. "Congress would surely have spoken more explicitly had it intended that civil rights actions should endure forever or be subject only to laches, regardless of the nature of the claim presented." Baker v. F & F Investment, 420 F.2d 1191, 1196 (7th Cir. 1970), cert. denied, 400 U.S. 821, 91 S.Ct. 40, 27 L.Ed.2d 49 (1970).

■ Plaintiffs further maintain that the doctrine of fraudulent concealment operates to postpone the running of the statute of limitations as to each plaintiff until he discovered, or in the exercise of reasonable diligence should have discovered, the existence of his cause of action. As a matter of federal law, the statute does not begin to run until the facts giving rise to the action are discovered or reasonably discoverable. Holmberg v. Armbrecht, 327 U.S. 392, 397, 66 S.Ct. 582, 90 L.Ed. 743 (1946). This equitable doctrine is read into every federal statute of limitations, *Id.*, "unless Congress expressly provides to the contrary in clear and unambiguous language." Atlantic City Electric Company v. General Electric Company, 312 F.2d 236, 241 (2nd Cir. 1962).

■ The state defendants are entitled to judgment as a matter of law on those civil rights claims presented by the personal representatives of decedents who died before July 24, 1971, and whose claims were discovered or reasonably discoverable on or before July 24, 1971.[2]

■ On the basis of the pleadings, depositions, affidavits, and other documents filed in support of and in opposition to these motions for summary judgment, it appears that there exists a genuine issue as to the material fact of

---

1. As authority for this proposition, plaintiffs cite Willis v. Reddin, 418 F.2d 702 (9th Cir. 1969), which held that the District Court had erred in applying the six-month statute of limitations provided by the California Tort Claims Act to a § 1983 action against police officers. Reading this case in the light of the substantial body of case law which has developed in support of the proposition that applicable state limitation periods will be adopted in the absence of express federal limitation periods, this Court is of the opinion that Willis v. Reddin stands only for the more limited proposition that the District Court should have applied California's three-year "liability created by statute" limitation rather than the six-month Tort Claims statute of limitations.

2. Because Alabama law is looked to for the proper statute of limitations to apply to a cause of action arising under the civil rights statutes, it is arguable that Alabama law should also be looked to for any rules suspending or tolling that statute of limitations. Title 7, § 42 of the Alabama Code extends the period within which any action based upon fraud may be brought for an additional period of one year following discovery. This statute is in conflict with the general federal principle that a fraudulently concealed cause of action does not accrue until discovered, Holmberg v. Armbrecht, *supra*, and must, therefore, be rejected in favor of the inconsistent federal rule. 42 U.S.C. § 1988.

when each plaintiff administrator or plaintiff executor became aware of the existence of his claim[3] and whether such delay in discovery, if any, was the result of the state defendants' alleged fraudulent concealment of the existence of the claim. Consequently, summary judgment is inappropriate as to these claims at this time.

■■■ Plaintiffs also assert claims against these state defendants for wrongful neglect cognizable under 42 U. S.C. § 1986. Unlike the other civil rights statutes considered above, § 1986 specifically provides that "no action under the provisions of this section shall be sustained which is not commenced within one year after the cause of action has accrued." As a general rule, this one-year limitation commences to run on the date of the decedent's death. Huey v. Barloga, 277 F.Supp. 864, 875 (N.D.Ill. 1967). Plaintiffs allege, however, that defendants fraudulently concealed from them and from their decedents the existence of their causes of action. It is well settled as a matter of federal law that where a plaintiff is without knowledge of his claim because of the fraudulent conduct of a defendant, the bar of the statute does not begin to run until the fraud is discovered. Holmberg v. Armbrecht, *supra*. "This equitable doctrine is read into every federal statute of limitation." *Id.*

■■■ It follows that the state defendants are entitled to judgment as a matter of law only on those § 1986 claims which were discovered before July 24, 1972. Because the record does not contain any evidence as to when the plaintiff administrators and executors discovered their § 1986 claims,[4] this Court concludes that there is a genuine issue of material fact unresolved and that summary judgment is inappropriate at this time.

■■■ *(2) State law.* Plaintiff administrators and executors also sue the state defendants for wrongful death under Ala. Code, Tit. 7, § 123. An action for wrongful death must be brought within two years of the death of the decedent. Title 7, § 123. This limitation is considered to be of the essence of the right rather than a statute of limitation. Nicholson v. Lockwood Greene Engineers, Inc., *supra*. In fact, it has been held that since Title 7, § 123 contains its own limitation, there is no statute of limitation applicable to a cause of action for wrongful death. Woodward Iron Company v. Craig, *supra*, 256 Ala. at 40, 53 So.2d 586. Moreover, none of the rules for tolling a statute of limitation has any application to a wrongful death action. *Id.*; Nicholson v. Lockwood Greene Engineers, Inc., *supra*. Accordingly, plaintiffs' invocation of Title 7, § 42 of the Alabama Code is unavailing even if their allegations of fraudulent concealment are considered true for purposes of this motion. *Cf.* Yniestra v. Tarleton, 67 Ala. 126 (1880).

The only facts material to the determination of this motion, insofar as plaintiffs' wrongful death claims under Alabama law are concerned, are the dates of their decedents' deaths. As to these facts, the record discloses that there is no controversy. It further appears that the state defendants are entitled to judgment as a matter of law upon all wrongful death claims arising under Title 7, § 123 of the Alabama Code with respect to decedents who died before July 24, 1971.

---

3. Responses to interrogatories addressed by the United States to plaintiffs who are living members of the syphilitic and control groups indicate that Government personnel advised them of their participation in the Tuskegee Syphilis Study in "the Spring of 1973." There is no evidence before the Court indicating when plaintiff administrators and executors discovered, or should have discovered, the existence of their wrongful death claims based upon their decedents' participation in the Study.

4. See note 3, *supra*.

*Motion for summary judgment by the United States with respect to claims arising under the Federal Tort Claims Act.*

The United States has moved this Court to enter summary judgment in its favor against all plaintiff administrators and executors whose decedents died more than two years preceding the filing of the original complaint in this cause on the ground that such claims are barred by the statute of limitations applicable to the Federal Tort Claims Act.

Title 28, Section 2401(b), United States Code, provides that

A tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues . . .

On July 23, 1973, Princie Black as Administratrix of the Estate of Ruffus M. Neal filed an administrative claim with the Department of Health, Education and Welfare. On September 26, 1973, her statement of claim was amended to include claims in behalf of all other administrators and executors then or thereafter appointed as personal representatives of deceased participants in the Tuskegee Syphilis Study. Title 28, Section 2401(b), United States Code, will bar the action of Princie Black if her claim "accrued" within the meaning of that provision on or before July 23, 1971. Similarly, it will bar the claim of any other plaintiff administrator or executor whose cause of action "accrued" on or before September 26, 1971.

 It is a well-established proposition that the date upon which a cause of action arising under the Federal Tort Claims Act accrues is a matter of federal, not state, law. Mendiola v. United States, 401 F.2d 695, 697 (5th Cir. 1968); Quinton v. United States, 304 F.2d 234, 239 (5th Cir. 1962). This is so even though it is to state law to which the federal courts must look in determining the substantive liability of the United States under the Tort Claims

Act. 28 U.S.C. § 2674; Brazier v. Cherry, 293 F.2d 401, 405 (5th Cir. 1961), cert. denied, 368 U.S. 921, 82 S.Ct. 243, 7 L.Ed.2d 136 (1961).

The United States maintains in support of its motion for summary judgment that 28 U.S.C. § 2401(b) establishes an absolute two-year bar to the presentation of administrative claims under the Tort Claims Act and that the two-year period commences to run on the date of death, regardless of the circumstances resulting in a filing delay. Plaintiffs, on the other hand, argue that a cause of action does not accrue until its existence is discovered or is reasonably discoverable.

 It is universally held that causes of action for personal injury under the Federal Tort Claims Act do not accrue until they are discovered or in the exercise of reasonable diligence should be discovered. Ciccarone v. United States, 486 F.2d 253 (3rd Cir. 1973); Toal v. United States, 438 F.2d 222 (2nd Cir. 1971); Coyne v. United States, 411 F.2d 987 (5th Cir. 1969); Quinton v. United States, *supra*; Kuhne v. United States, 267 F.Supp. 649 (E.D. Tenn.1967); Rahn v. United States, 222 F.Supp. 775 (S.D.Ga.1963).

Under the alleged circumstances of this case, wherein plaintiffs charge that defendants fraudulently concealed from them and from their decedents the existence of their claims, this rule is but an application of the familiar principle

. . . that where a plaintiff has been injured by fraud and "remains in ignorance of it without any fault or want of diligence or care on his part, the bar of the statute does not begin to run until the fraud is discovered, though there be no special circumstances or efforts on the part of the party committing the fraud to conceal it from the knowledge of the other party." Bailey v. Glover, 21 Wall. 342, 348, 22 L.Ed. 636 : . .

Holmberg v. Armbrecht, *supra*, 327 U.S. at 397, 66 S.Ct. at 585. This equitable

doctrine of suspending the running of the statute of limitations during the period of fraudulent concealment "is read into every federal statute of limitation." *Id.*; see also American Pipe & Construction Company v. Utah, 414 U.S. 538, 559, 94 S.Ct. 756, 38 L.Ed.2d 713 (1974). In fact, the *Holmberg* doctrine is "so strong that it is applicable unless Congress expressly provides to the contrary in clear and unambiguous language." Atlantic City Electric Company v. General Electric Company, *supra*.

The United States argues, however, that even though fraudulent concealment suspends the running of the two-year limitation for personal injury actions under the Tort Claims Act, it does not suspend the running of the same limitation period for wrongful death actions. Rather, argues the Government, a cause of action for wrongful death accrues at the date of death and is absolutely barred if not commenced within two years. In support of its contentions, the Government relies upon Foote v. Public Housing Commissioner of the United States, 107 F.Supp. 270 (W.D.Mich. 1952), and Kington v. United States, 396 F.2d 9 (6th Cir. 1968), cert. denied, 393 U.S. 960, 89 S.Ct. 396, 21 L.Ed.2d 373 (1968). Neither case, however, compels the result advocated by the United States in this case.

In *Foote*, the District Court held simply that where the cause of death is known immediately (in that case, serious burns produced by the explosion of a coal stove), the cause of action under the Federal Tort Claims Act accrues on the date of death rather than on the date of the appointment of an administrator, as provided by the Michigan wrongful death statute. This is but an application of the familiar principles that federal law, not state law, determines when a cause of action accrues and that, when the cause of death is readily ascertainable at death, that event marks the accrual of the cause of action.

The *Kington* case, on the other hand, is not readily distinguishable from the present case and stands for the proposition that an action for wrongful death under the Federal Tort Claims Act accrues upon the date of death rather than when the cause of death is determined. This Court is persuaded, both by precedent and by logic, to reject the rule adopted by the Sixth Circuit in *Kington* and to follow the rule announced by the Fifth Circuit in Quinton v. United States, *supra*, 304 F.2d at 235: a cause of action under the Tort Claims Act accrues when the claimant discovers, or in the exercise of reasonable diligence should discover, the existence of the facts upon which the claim is based. The reasoning of Judge Edwards, forcefully dissenting in *Kington,* further convinces this Court that *Quinton,* and not *Kington,* must control:

> [T]here is a class of cases involving both illness and death where the claimant does not, and in the exercise of normal diligence could not, know of the existence of the cause of action. In such instances, compliance with a statutory time limitation may be impossible. The courts generally seek to avoid a harsh result which cannot be construed as arising from any fault on the part of the plaintiff. In such instances the claim is said not to "accrue" until the element of knowledge, absence of which prevents the filing of the complaint, has been supplied.

Kington v. United States, 396 F.2d at 12.

 Accordingly, it would appear that the United States is entitled to judgment as a matter of law on the Federal Tort Claims Act claim of the plaintiff Princie Black if she discovered or should have discovered her claim on or before July 23, 1971. Similarly, the Government is entitled to judgment as a matter of law on all other tort claims filed by plaintiff administrators and executors who discovered or should have discovered their claims on or before September 26, 1971. Because there is no evidence in the record as to when these plaintiffs discovered or should have dis-

covered their claims under the Federal Tort Claims Act, genuine issues of material fact remain unresolved, and summary judgment is, therefore, inappropriate at this time.

*Motion for summary judgment by the United States against plaintiff-intervenor Carrie Bell Griffin.*

The United States moves this Court to enter summary judgment in its favor against plaintiff-intervenor Carrie Bell Griffin on the ground that her decedent died more than six years preceding the filing of her complaint on August 5, 1974, and that this action is, therefore, barred by the statute of limitations applicable to the Tucker Act. 28 U.S.C. § 2401(a).

Title 28, Section 2401(a), United States Code, provides that every civil action against the United States shall be barred unless filed within six years after the cause of action first accrues. The Government apparently takes the position that Tucker Act contract claims and Tucker Act constitutional claims, if they survive to a personal representative, accrue on the date of the injured party's death.

■■■ Since Congress did not expressly provide for the survival of Tucker Act claims, this Court must look to the common law developed by the federal courts with respect to the survival of such actions. Lauderdale v. Smith, 186 F.Supp. 958 (E.D.Ark.1960). Claims based upon the violation of constitutional rights do not ordinarily survive the death of the injured party. Evain v. Conlisk, 364 F.Supp. 1188, 1190–1191 (N.D.Ill.1973). This is so because causes of action for such injuries are considered personal to those injured, and it is an established proposition that, absent unusual circumstances not here present, one cannot sue for the deprivation of another's civil or constitutional rights. Palmer v. Thompson, 391 F.2d 324 (5th Cir. 1967), affirmed, 403 U.S. 217, 91 S.Ct. 1940, 29 L.Ed.2d 438 (1971); Williams v. Kansas City, Missouri, 104 F.Supp. 848 (D.C.Mo.1952), affirmed,. 205 F.2d 47 (8th Cir. 1953), cert. denied, 346 U.S. 826, 74 S.Ct 45, 98 L.Ed. 351 (1953).[5] The United States, therefore, is entitled to judgment as a matter of law on plaintiff-intervenor's Tucker Act constitutional claims, since it affirmatively appears that she lacks standing to assert such claims.

■■■ Unlike constitutional claims, however, as a general principle of the common law, contract claims survive the death of either the obligor or the obligee, Sperbeck v. A. L. Burbank & Company, 190 F.2d 449, 450 (2nd Cir. 1951), and remain with the personal representative of the decedent. Rogge v. Menard County Mutual Fire Insurance Company, 184 F.Supp. 289, 294 (S.D.Ill.1960).

From the record it appears that Colonel Griffin, plaintiff-intervenor's decedent, died on March 2, 1956. If the Government is correct in its assertion that the six-year limitation period commences on that date, then this contract claim was not timely filed. Plaintiff-intervenor argues, however, that the statute of limitations is tolled by fraudulent concealment of the cause of action. This proposition finds general support in the case of Holmberg v. Armbrecht, *supra*, and express support in Spevack v. United States, 182 Ct.Cl. 1884, 390 F.2d 977, 981 (1968); Japanese War Notes Claimants Association of the Philippines, Inc. v. United States, 178 Ct.Cl. 630, 373 F.2d 356 (1967), cert. denied, 389 U.S. 971, 88 S.Ct. 466, 19 L.Ed.2d 461 (1967); and Manchester Band of Pomo Indians, Inc. v. United States, 363 F.Supp. 1238, 1249 (N.D.Cal.1973).

■■■ In her affidavit in opposition to the United States' motion for summary judgment, plaintiff-intervenor Grif-

---

5. To this general rule must, of course, be added the exception that, when the deprivation of an individual's rights results in his death, then a cause of action for wrongful death may survive for the benefit of his estate under the civil rights statutes, if state law creates such a survival action. Brazier v. Cherry, *supra*.

**312**

fin stated: "I first heard of the Tuskegee Syphilis Study when newspaper articles began to appear in July of 1972. It was not until a few weeks later that I realized that this Syphilis Study was the same program my husband, Colonel Griffin, was in." The United States neither controverted this statement nor produced any evidence tending to show that plaintiff-intervenor discovered or should have discovered her cause of action at any other time. It, therefore, affirmatively appears that this action was commenced within six years from the date it accrued—i. e., from the date it was discovered or was reasonably discoverable. The United States, consequently, is not entitled to judgment as a matter of law on the contract claim filed by the plaintiff-intervenor Carrie Bell Griffin.

In view of the foregoing, it is the order, judgment and decree of this Court:

1. That the motion for summary judgment filed by the defendants Myers, Chenault, Burleson, Strandell, Adams, and Bush be and the same is hereby denied insofar as it relates to the claims against them arising under 42 U.S.C. §§ 1981, 1983, 1985, and 1986.

2. That the motion for summary judgment filed by the defendants Myers, Chenault, Burleson, Strandell, Adams, and Bush be and the same is hereby granted insofar as it relates to the claims against them arising under Title 7, § 123 of the Alabama Code.

3. That the motion for summary judgment filed by the United States with respect to the claims against it arising under the Federal Tort Claims Act be and the same is hereby denied.

4. That the motion for summary judgment filed by the United States against plaintiff-intervenor Carrie Bell Griffin be and the same is hereby granted insofar as it relates to the constitutional claims arising under the Tucker Act.

5. That the motion for summary judgment filed by the United States against plaintiff-intervenor Carrie Bell

Griffin be and the same is hereby denied insofar as it relates to the contract claims arising under the Tucker Act.