JONES, Justice.
This action was commenced in the Circuit Court of Mobile County, Alabama, on August 18, 1978, by Bobby Jean Box, as Ad-ministratrix of the estate of Ronald Jack Box, deceased, against Defendants, the City of Prichard, Alabama, and Ed Hinton, an employee of the Prichard Police Department.
Plaintiff’s complaint alleged that “on September 3, 1976, Defendant Ed Hinton, while acting within the line and scope of his *59 employment, did both wantonly and negligently shoot and kill Plaintiff’s intestate, Ronald Jack Box.” Plaintiff commenced this action in the circuit court on August 18, 1978, some 23V2 months later. On May 30, 1980, a jury returned a verdict of $50,000 against Defendants, the City of Prichard and Ed Hinton, for negligence.
Notwithstanding its rather complex factual background, this appeal presents a single dispositive issue: Whether a wrongful death action against a municipality is governed by the one-year statute of limitations (Code 1975, § 6-2-39(a)(7)) or by the two-year period prescribed in the Wrongful Death act (§ 6-5-410(d)).
The trial judge, denying the City’s motion for a directed verdict, ruled that the two-year statute applied. We affirm.
Appellant City contends that the applicable statute of limitations for this wrongful death claim against the City of Prichard is Code 1975, § 6-2-39(a)(7):
“(a) The following must be commenced within one year:

“(7) All actions commenced to recover damages for injury to the person or property of another wherein a principal or master is sought to be held liable for the act or conduct of his agent, servant or employee under the doctrine of re-spondeat superior.” (Emphasis added.)
The City’s assertion can be placed in perspective by juxtaposing the one-year statute with the wrongful death statute (§ 6-5-410(a) and (d)):
“(a) A personal representative may commence an action and recover such damages as the jury may assess in a court of competent jurisdiction within the state of Alabama, and not elsewhere, for the wrongful act, omission or negligence of any person, persons or corporation, his or their servants or agents, whereby the death of his testator or intestate was caused, provided the testator or intestate could have commenced an action for such wrongful act, omission or negligence if it had not caused death.

“(d) Such action must be commenced within two years from and after the death of the testator or intestate.” (Emphasis added.)
The City’s position is that the clause, “provided the testator or intestate could have commenced an action for such wrongful act, omission or negligence if it had not caused death,”[1] brings the claim within the purview of the one-year limitation period provided by § 6-2-39(a)(7); and this for the reason that Plaintiff’s intestate’s only cause of action against the City, had he lived, would have been “under the doctrine of respondeat superior.” Because the injured person’s claim would have been barred after one year, says the City, his personal representative cannot institute a suit beyond the one-year period of limitations.
Adoption by this Court of such reasoning would create, in effect, different classes of wrongful death actions: One, against the immediate wrongdoer, and subject to the two-year period provided by § 6-5-410; and, secondly, those against masters, employers, principals, and corporations, with a one-year statute of limitations pursuant to § 6-2-39(a)(7). Indeed, of the two instant Appellants, the application of the one-year statute is urged only by the municipal corporation. We cannot accept this contention.
In Liberty Mutual Insurance Company v. Lockwood Greene Engineers, Inc., 273 Ala. 403, 140 So.2d 821 (1962), plaintiff, in a third-party context, sought to apply the one-year statute of limitations under the workmen’s compensation law in this State. In rejecting this contention, the Court stated that the legislature, by its enactment of the wrongful death statute, did not intend to create certain classes of cases subject to *60 different periods within which to bring the action; that there was only one time frame applicable to actions for wrongful death and it was a two-year period provided by the Act.[2]
Take the City’s proposed concept one step further: § 6-2-34(1) provides that actions for trespass to person or liberty (e. g., assault and battery) must be commenced within six years. If an assault and battery results in death, would the personal representative have six years (as opposed to two) within which to commence an action for wrongful death? The obvious answer is “no.” Such action would be governed by the two-year period created by § 6-5-410.[3]
We reject the City’s argument; we refuse to superimpose § 6-2-39(a)(7) over § 6-5-410(a). Consequently, we hold that by commencing her cause of action within the time allowed under § 6-5-410, Appel-lee’s claim should not succumb to Defendant’s “statute of limitations” defense.
We have carefully examined each of the remaining issues presented and find them to be without merit.
AFFIRMED.
TORBERT, C. J., and MADDOX, SHORES and BEATTY, JJ., concur.

. For varying factual contexts in which this language has been given operative effect, see Wolfe v. Isbell, 291 Ala. 327, 280 So.2d 758 (1973); Ellis v. Black Diamond Coal Mining Co., 268 Ala. 576, 109 So.2d 699 (1959); and Woodward Iron Co. v. Craig, 256 Ala. 37, 53 So.2d 586 (1951).

. A claim for workmen’s compensation death benefits (as opposed to a third-party wrongful death action), of course, must be commenced within one year from the death or from the last date of payment, because the statute creating the right also prescribes the time within which the claim must be filed. § 25-5-80.

. Both parties have loosely and incorrectly used the term “statute of limitations.” More accurately, § 6-5-410(d) is a statute of right— an integral part of the statute creating the right of action. Nicholson v. Lockwood Greene Engrs., Inc., 278 Ala. 497, 179 So.2d 76 (1965); see, also, Pollard v. United States, 384 F.Supp. 304 (M.D.Ala. 1974).