RUTTER, *Plaintiff in Error*, v. THE MISSOURI PACIFIC RAIL-WAY COMPANY.

**Damages**: SUIT BY MINOR, WHEN BROUGHT. Under Revised Statutes 1879, §§ 2121, 2125, a minor at the time of his parent's death, may sue for the damages allowed by the statute after attaining his majority, provided suit be brought within one year from the time of such death.

*Error to Jackson Special Law and Equity Court.*—HON. R. E. COWAN, Judge.

REVERSED.

*Theodore Winningham* for plaintiff in error.

Plaintiff was the only minor child and only representative of the deceased at the time of her death. He labored under no disabilities whatever, but was at the death of his mother vested *instanter* with an indefeasible right of action, and nothing can defeat this right but the restriction imposed upon it by section 2125, to-wit, one year. *Shepard v. Railroad Co.*, 3 Mo. App. 550; *McNamara v. Slavens*, 76 Mo. 331. This right to sue by statute having accrued, it is from that moment in the nature of property, property in action, a right that may be reduced to possession by the representative of the deceased, and no event can bar this right of action but the lapse of time restrictive of the right. *Pittsburg, etc., R. R. Co. v. Hine*, 10 Am. R'y Rep. 160.

*E. A. Andrews* for defendant in error.

The majority of the plaintiff abated his right to sue, especially when he had failed to elect to sue from April until the succeeding August. The right to sue under this statute is not a vested right, but simply a right or chose in action. 25 Ohio 629. Personal representatives have no interest in this right to sue, nor could not have sued in case of his death, nor can he sue after majority. There are two

limitations upon this right to sue, the minority of the child and the one year limitation in section 2125.

Hough, C. J.—On the 30th day of April, 1877, Rachael Ann Rutter was fatally injured by the cars of the defendant, and died from the injuries so received, on the 4th day of May following. At the date of her death she had no husband living, and had only one child, who is the plaintiff in this action. He became of age on the 2nd day of August, 1877, and on the 29th day of April, 1878, instituted the present action, under the statute, to recover damages for the death of his mother. The foregoing facts appear in the petition, and a demurrer thereto was sustained, on the ground that the plaintiff should have sued while he was a minor, and that he could not bring the present action after he had attained his majority. Final judgment having been entered for the defendant, on the demurrer, the plaintiff has brought the case to this court.

The statute under which this suit was brought, provides that the damages thereby allowed may "be sued for and recovered; first, by the husband or the wife of the deceased; or second, if there be no husband or wife, or if he or she fail to sue within six months after such death, then by the minor child or children of the deceased." R. S. 1879, § 2121. It is also provided that every action, instituted by virtue of this statute, "shall be commenced within one year after the cause of such action shall accrue." § 2125. It is contended on behalf of the defendant, that two limitations are imposed by the statute on the right of a child to sue; one is that the suit shall be instituted within one year, and the other is, that such child shall be a minor at the time of the institution of the suit; and unless both concur, no action can be maintained. This question has never been passed upon by this court, and we know of no case, in any of the states, where statutes similar to ours have been enacted, in which this precise question has been determined, or discussed. The language of the statute,

when epitomized so as to be applicable only to cases like the present, is, that the damages allowed, may be sued for and recovered by the minor child or children of the deceased.

The defendant contends, that as the damages are, by the terms of the statute, to be sued for by the minor, no suit can be brought by a child who has attained his majority.

That this argument is based upon too narrow a construction of the statute, will be rendered apparent, when we consider that the statute not only provides that the damages may be sued for, but also recovered by the minor; and the rule of interpretation contended for by the defendant, would restrict a right of recovery to one who had not attained his majority at the time judgment was rendered in his favor. To make a suit, which had been seasonably brought, abate, by reason of the plaintiff having attained his majority before judgment, would, indeed, be sticking in the bark. No such case has been found in the reports of this state, and our attention has not been called to any such elsewhere. All the judges are of opinion, that the true construction of the statute is, that the suit is to be brought in the name of the child or children, who are minors at the time the cause of action accrues to them. When the right of action once accrues to the child, it is a vested right which is not determined by the attainment of majority, but may be asserted by such child at any time within one year from the death of the parent.

The judgment will be reversed and the cause remanded.