## BRIGGS v. TAYLOR.

(Circuit Court of Appeals, Fourth Circuit. February 1, 1898.)

### No. 237.

ADMIRALTY PROCEDURE—PARTIES—APPEARANCE.
   When a stranger to an original libel in rem, claiming to be the owner, gives a release bond conditioned to restore the vessel as the court shall direct, pay damages for its use and detention, and "perform any other judgment which the court may render," etc., he thereby becomes a party to the cause, and is bound by a default decree thereafter entered in accordance with stipulations of the bond.

Appeal from the District Court of the United States for the Eastern District of Virginia.

Edward R. Baird, for appellant.

Hughes & Hughes, for appellee.

Before GOFF and SIMONTON, Circuit Judges, and PURNELL, District Judge.

PURNELL, District Judge. On the 12th day of April, 1897, appellee filed in the district court for the Eastern district of Virginia a libel in due form against the steam launch Sylph, her engines, tackle, etc., and "against all persons intervening for their interest therein." The libel alleges sole ownership, and that the launch had been navigated under authority of libelant by one Raper, as master, until the morning when the libel was filed, when Raper was removed, and another appointed master; that Raper refused to give up possession; that the vessel was in the district; that the premises were true, and within the admiralty jurisdiction of the court. Stipulations were filed, attachment issued, and was served on Raper. On the same day a bond was filed with George S. Briggs, appellant, as principal, and two sureties, for the release of the vessel, reciting that whereas, George S. Briggs, the "appellant," claims to be the owner of a certain steam launch called the "Sylph," and desires to take the said steam launch into possession, etc., and providing for the return of the said steam launch, and the payment of damages and costs, in the usual form. On the 3d day of May a decree was entered (the time allowed by law and by the rules of the court for making defense having elapsed, and no defense having been interposed) adjudging the said G. S. Briggs and steam launch in contumacy and default, and the libel taken for confessed. The court then proceeded to hear the cause ex parte, and, upon satisfactory proofs, adjudged appellee the owner of the launch, "and no one else is such owner," the possession of G. S. Briggs wrongful, and ordered the marshal to put appellee in possession. The cause was then referred to a commissioner to ascertain and report to what extent the launch had been damaged since the filing of the libel, together with what was a reasonable sum per diem for her use. On the 8th of May the commissioner filed his report, and on the 11th of May, no exceptions being filed, a decree was entered confirming the report, ordering restoration of the vessel, and judgment against the appellant and sureties on the bond. Six days thereafter appellant filed a petition reciting the proceedings, claiming he was not a party thereto, that no process had been issued against or served on him, and that he was interested in the vessel by a title merely equitable. This petition closes with the statement: "Appearing, therefore, solely for the purpose of moving to set these proceedings aside, he respectfully shows that the same are coram non judice and void as to him," etc. Appellee filed an answer to this petition, and against his protest the case was again referred and the damages reduced. Appellant appeared, and introduced testimony before the commissioner, and filed exceptions to the report, all of which are to items of damage, and not of law,

which exceptions were overruled, and a decree entered for appellee, from which Briggs appealed.

The grounds of appeal are not tenable. There are two well-known ways by which a party can get into court,—one passive, one active; the latter being even more effective than the former. There may be defects in process or in service, but, when a party comes into court of his own motion, there can be neither. And this is as true in courts of admiralty and maritime, as in courts of law and equity, jurisdiction. Briggs was not a party to the original libel proceedings,—he was not known to the court,—but for some reason he gave bond. claiming to be the owner of the launch, which claim he never, as far as the record shows, attempted to prove; but he took possession of the vessel, and presumably used it, for it is alleged in the bond that it was necessary to him in his business. The condition of the bond was for the restoration of the property as the court should direct, together with damages for the use and detention, "and to perform any other judgment which the court may render in said cause, and pay all costs and damages which may be awarded against him by said court," etc. Briggs thus made himself a party to the proceeding as effectually as if process had been regularly issued against and served on him. He voluntarily took Raper's place, and ignored Raper in all subsequent proceedings. The libel was properly against the vessel in rem, and in personam against the person in possession. U. S. Admiralty Rule 20; The Corsair, 145 U. S. 335, 12 Sup. Ct. 949; The S. C. Ives, Newb. 205, Fed. Cas. No. 7,958. Raper has never answered. The time expired for answering under the rules, and Briggs, in possession using the launch, ignoring alike Raper and the court, offered no defense or proof of ownership. The return day passed, and no defense was offered. Under the circumstances, it was not only in accordance with the rules in admiralty, but the duty of the judge to pronounce him in contumacy and default, and adjudge the libel to be taken pro confesso, and to proceed to hear the cause ex parte. Under such circumstances, a default has the same effect as a default at common law. Rule 29; Miller v. U. S., 11 Wall. 268.

The proceedings being regular, it was too late, six days after a decree, to enter a "special appearance," and, subsequent proceedings being all at the instance of the appellant, he waived any supposed irregularity. The relief granted by the decree was only such as was stipulated for in the bond. The proceedings after May 11th were at the instance of appellant, and the exceptions involve no question of law, but are to, findings of fact. "And other plain errors," as assigned in the record, is not a compliance with the rules of this court. Errors not assigned according to the rules will be disregarded, but the court, at its option, may notice a plain error not assigned. Rule 11, 21 C. C. A. cxii., 78 Fed. cxii. We see no reason to exercise this option.

The original bond having been adjudged sufficient for the retention of the launch, and appellant having paid the cost in the district court, the judgment here is that the decree appealed from be affirmed,

and that appellee recover his costs in this court expended. This cause is remanded to the court below, with instructions that a decree be entered against appellant, and the sureties on his bond, for such damages as may be proper on account of the detention of the said vessel by said George S. Briggs. Affirmed.