## THE FLUSH.

### ROBINS DRY DOCK & REPAIR CO. v. BULK OIL TRANSPORTS.

(District Court, E. D. New York. June 18, 1921.)

**Admiralty �köö50—Stipulator not entitled to intervene.**
    A stipulator for value in a suit in rem *held* not entitled to intervene, where not shown to have any claim against the res or its proceeds.

In Admiralty. Suit by the Robins Dry Dock & Repair Company against the Steamship Flush; the Bulk Oil Transports, claimant. On motion of the National Surety Company for leave to intervene. Denied.

Crowell & Rouse, of New York City, for libelant.

T. Langland Thompson, of New York City, for claimant.

Kirlin, Woolsey, Campbell, Hickox & Keating, of New York City, for petitioner.

⊸For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

GARVIN, District Judge.  The National Surety Company has applied for an order permitting it to intervene as a party respondent in this cause and to take such measures as it may be advised are desirable or necessary to protect its interests herein.

On or about August 19, 1918, the applicant executed a stipulation for value in the sum of $185,000, conditioned to pay the amount awarded by final decree of the court herein.  This stipulation for value was given on the undertaking or indemnity of Christoffer Hannewig at a time when it was supposed that he was entirely solvent.  It now appears that he is insolvent, and that his undertaking or indemnity is worthless.  The claimant, also, appears to be insolvent, and has no assets, except what may be represented by the value, if any, of a claim for which it has a cross-libel herein.

The claimant has been represented by T. Langland Thompson, as proctor, who, opposing the entry of the petitioner on the ground that he has not been paid for services performed herein, and that if the application is granted the applicant will receive the benefit of all services heretofore rendered by him, urges that the court has no power to permit the intervention sought.  If it were merely a question of counsel fees the court would have no hesitation in granting the application, perhaps upon terms, but the real difficulty is found in the fact that the National Surety Company has only, at best, a contingent interest in this action, at the present time.

The right of a third party to intervene can be based only upon his having a claim against the res or the proceeds thereof.  The petitioner was a stranger to the parties and to the cause of action when the libel was filed, and has never had any interest in, claims to, or connection with the res.  Reliance is placed upon The Bylands, 231 Fed. 101, 145 C. C. A. 289, and Briggs v. Taylor, 84 Fed. 681, 28 C. C. A. 518.  I cannot agree with counsel for the petitioner that either of these cases is any authority for granting the relief sought.

Motion denied.