BENNETT DAY IMPORTING CO., Inc., v. COMPAGNIE FRANCAISE DE NAVIGATION A VAPEUR.

THE ALESIA.

No. 11210.

District Court, E. D. New York.
April 25, 1930.

Single & Single, of New York City (Loring R. Lecraw, of New York City, of counsel), for libelant.

Harry D. Thirkield, of New York City, for petitioner, St. Paul Fire & Marine Ins. Co.

Burlingham, Veeder, Fearey, Clark & Hupper, of New York City, for the Alesia.

MOSCOWITZ, District Judge.

This is a motion by the St. Paul Fire & Marine Insurance Company for leave to intervene in this cause and take such measures as it may be advised are necessary to protect its interests herein. The present suit was brought by the libelant against the carrier and carrying vessel to recover for damages to a shipment of walnuts.

The libelant was insured by the petitioner with respect to this shipment. Petitioner refused to pay libelant its loss, denying its liability in the premises. Libelant, as plaintiff, commenced an action at law in the United States District Court for the Southern District of New York against petitioner upon the policy of insurance.

Petitioner claims that the testimony in the pending libel by both parties as to the care and custody of the merchandise and its condition is of vital importance to petitioner. It is urged that petitioner is without any opportunity to avail itself of the facts which will be developed at the trial of the instant case, because the steamship company owes no duty to assist petitioner in the presentation of or collation of the facts in the common law suit.

The only admiralty rules of the Supreme Court relating to intervention are Rules 34 and 42 (28 USCA § 723), which are as follows:

Rule 34. "If any third person shall intervene in any cause of admiralty and maritime jurisdiction in rem for his own interest, and he is entitled, according to the course of admiralty proceedings, to be heard therein, he shall propound the matter in suitable allegations, to which, if admitted by the court, the other party or parties in the suit may be required, by order of the court, to make due answer; and such further proceedings shall be had and decree rendered by the court therein as to law and justice shall appertain. But every such intervenor shall be required, on filing his allegations, to give a stipulation with sufficient sureties or an approved corporate surety to abide by the final decree rendered in the cause, and to pay all such costs and expenses and damages as shall be awarded against him by the court on the final decree, whether it is rendered in the original or appellate court, not to exceed however in any event the agreed or appraised value of the property so claimed by him, it, or them, with interest at six per cent. per annum and costs."

Rule 42. "Any person having an interest in any proceeds in the registry of the court shall have a right, by petition and summary proceedings, to intervene pro interesse suo for delivery thereof to him, and on due notice to the adverse parties, if any, the court shall and may proceed summarily to hear and decide thereon, and to decree therein according to law and justice. And if such petition or claim shall be deserted, or on a hearing, be dismissed, the court may, in its discretion, award costs against the petitioner in favor of the adverse party."

Rule 34 has reference only to those cases where the vessel is still in custody, or where she has been sold and the proceeds of sale

296

paid into court. The Oregon, 158 U. S. 186, at page 210, 15 S. Ct. 804, 39 L. Ed. 943.

■ Rule 42 is limited to cases where the intervener claims an interest in any proceeds in the registry of the court. Sheldrake v. The Chatfield (D. C.) 52 F. 495.

■ Neither of these rules relates to a situation like that presented by the present motion. There is no authority in the general course of admiralty proceedings to sustain petitioner's contention.

Motion denied. Settle order on notice.