## THE KATAHDIN.

### THE TOKUYAMA MARU.
#### No. 35 of 1917.

District Court, E. D. Pennsylvania.
Feb. 16, 1933.

M. W. H. Cox, of Philadelphia, Pa., for petitioner.

H. Alan Dawson, of Philadelphia, Pa., for libelant and cross-respondent.

Burlingham, Veeder, Fearey, Clark & Hupper, of New York City, and Howard M. Long, of Philadelphia, Pa., for respondents and cross-libelants.

KIRKPATRICK, District Judge.

John W. Manns, a seaman on the American steamship Katahdin, was drowned on Oc-tober 23, 1917, as the result of a collision between the Katahdin and the Japanese steamship Tokuyama Maru in the Delaware river. He left Rodell Manns, a minor son, surviving him. On November 8, 1917, Rodell Manns, by his next friend, Robert Hall (a distant relative, a seaman on the Katahdin, and familiar with the facts), filed a libel in admiralty (No. 37 of 1917) in personam against Nippon Yusen Kabushiki, a Japanese corporation, owner of the Tokuyama Maru, to recover for the death of his father. A citation with foreign attachment clause issued on the libel and bond was filed. This suit was settled by the payment of a sum of money to Hall or his proctors, and the suit marked "discontinued, settled and ended." While this was going on, there was pending in the same court a cause in rem—a libel by the master of the Katahdin against the Tokuyama Maru and a cross-libel by the owner of the latter against the former steamship. This is the present action, No. 35 of 1917. This action was also settled some time later, but never marked "discontinued," and, so far as the court record appears, is still pending. By reason of the pendency of the settlement negotiations subsequently concluded, no stipulations for value were ever actually entered on behalf of either vessel. Nor does it appear that the attachment against the Tokuyama Maru was ever returned nor that the attachment against the Katahdin ever issued.

Rodell Manns came of age in 1930, and has filed this petition for leave to intervene in the apparently pending cause No. 35 of 1917. He avers that the settlement effected by Hall in No. 37 of 1917 was inadequate, that the release given was fraudulent, and that he (Manns) had no knowledge whatever of the filing of the action. I do not find in the petition an allegation that the minor has never received the money, but I believe that counsel stated that this was the fact.

The pleadings disclose no substantive right in the petitioner against the respondents. The only right which he ever had arose by virtue of the Pennsylvania Acts of Assembly of April 15, 1851, P. L. 669, and April 26, 1855, P. L. 309 (see 12 PS §§ 1601–1603). Western Fuel Co. v. Garcia, 257 U. S. 233, 242, 42 S. Ct. 89, 66 L. Ed. 210. This right has long since ceased to exist by reason of the statute of limitations which, in case of a death statute, is more than merely procedural, and operates to extinguish the right itself. The Harrisburg, 119 U. S. 199, 7 S. Ct. 140, 30 L. Ed. 358; Western Fuel Co. v. Garcia, supra.

From the procedural side, the petitioner's right to intervene depends upon General Admiralty Rule No. 34 (28 USCA § 723), which seems rather clearly to have reference only to cases where the res is in court. It has been so construed. The Flush (D. C.) 274 F. 133; Bennett Day Importing Co., Inc., v. Compagnie Francaise de Navigation a Vapeur (D. C.) 42 F.(2d) 295.

In Ex parte Indiana Transportation Co., 244 U. S. 456, 37 S. Ct. 717, 718, 61 L. Ed. 1253, the Supreme Court held that it was error to entertain jurisdiction of intervening petitions by the administrators of seaman who had been killed in a collision after the vessel had been discharged from arrest by a stipulation to answer the demands of the libel. The court said: "But appearance in answer to a citation does not bring a defendant under the general physical power of the court. He is not supposed, even by fiction, to be in prison. Conventional effect is given to a decree after an appearance because when power once has been manifested, it is to the advantage of all not to insist upon its being maintained to the end. Michigan Trust Co. v. Ferry, 228 U. S. 346, 353, 33 S. Ct. 550, 57 L. Ed. 867, 874. That, however, is the limit of the court's authority. Not having any power in fact over the defendant unless it can seize him again, it cannot introduce new claims of new claimants into an existing suit simply because the defendant has appeared in that suit. The new claimants are strangers and must begin their action by service just as if no one had sued the defendant before. The Oregon, 158 U. S. 186, 205, 210, 15 S. Ct. 804, 39 L. Ed. 943, 952, 953."

If the action in personam (Hall, next friend of Mann's, No. 37 of 1917) were still pending, the question of the effectiveness of the settlement and release to bind the minor, argued at length by the petitioner, might be of importance. But that action has been discontinued long ago, and this attempt to intervene is in an entirely different action.

The conclusion is that the petition must be dismissed, first, because the record discloses that the petitioner has no substantive right of which the court could take cognizance; and, secondly, because the res not being in court, the court has no jurisdiction to entertain the petition.

It being conceded that a settlement was actually effected, the petition of the libelants, respondents, cross-libelants, for an order directing the clerk to mark the suits "discontinued, settled, and ended," is granted.