**THE S. S. ETNA.**

**No. 1 of 1941.**

District Court, E. D. Pennsylvania.

July 27, 1942.

S. B. Fortenbaugh, Jr. (of Shields, Clark, Brown & McCown), all of Philadelphia, for Jarka Corporation, petitioner.

Howard M. Long and Raymond Pace Alexander, both of Philadelphia, for libellant.

BARD, District Judge.

This matter arises upon petition of the Jarka Corporation of Philadelphia to intervene in an action in admiralty for personal injuries brought by Mitchell, one of its employees, against the Swedish Steamship Etna. The action against the ship was in rem and a claim for the vessel was made by Aktevolaget Transmarine as owner, and a stipulation for value in the amount of $10,000 was filed, with National Surety Company as the stipulator. This action was tried and resulted in a decree in favor of the libellant Mitchell in the amount of $12,000. 43 F.Supp. 303.

Following the final decree, the libellant issued a writ of fieri facias against the National Surety Company to enforce payment thereof. Thereafter Jarka Corporation filed a petition under Rules 34 and 42 of the Admiralty Rules, 28 U.S.C.A. following section 723, to intervene in the action to enforce a claim of subrogation in the sum recovered by the libellant to the extent of payments in the amount of $3,908.28 made by petitioner to libellant or expended on his

behalf, allegedly in accordance with the requirements of the Longshoremen's and Harbor Workers' Compensation Act.[1] A petition was then filed by Aktevolaget Transmarine to permit it and its surety to pay into court the amount of the decree and costs, and to have satisfaction thereof entered upon the record.

To both of these petitions libellant filed answers denying that Jarka had any right of subrogation and contending that, even if it had, such right could not be asserted by a petition for intervention in this admiralty action. By stipulation of counsel the amount of the award, less the $3,908.-28 in controversy, was paid to the libellant and the amount in controversy was deposited in the registry of this court pending the disposition of the questions presented by the petition of Jarka and the answer of libellant.

The first and most serious question presented is whether Jarka had any right to intervene in this action to enforce the subrogation right it asserts. Petitioner relies on Rules 34 and 42 of the Admiralty Rules, which are appended in the margin.[2]

The interpretation of Rule 34 is not free from doubt. In an early decision, The Propeller Monticello v. Mollison, 58 U.S. 152, 156, 17 How. 152, 15 L.Ed. 68, the Supreme Court of the United States stated by way of dictum that an "insurer may at all times intervene in courts of admiralty, if he has the equitable right to the whole or any part of the damages." In Mason v. Marine Insurance Co., 6 Cir., 110 F. 452, 54 L.R.A. 700, it was held that a marine insurer who became entitled to subrogation as a result of paying the loss to its insured might properly intervene in any action by its insured against a third party for the damages sustained after a decree had been rendered therein.

Along similar lines is the case of Universal Insurance Co. v. Old Time Molasses Co., 5 Cir., 46 F.2d 925, in which a reinsurer who had paid his obligation to a primary insurer was permitted to intervene in a petition to limit liability, on the ground that he had the equitable right to part of the damages recoverable.

Libellant, however, contends that the question of subrogation is one outside of the jurisdiction of this court sitting in admiralty and that Rule 34 is applicable only where the vessel is still in custody or where she has been sold and the proceeds of the sale are in court, citing The Oregon, 158 U.S. 186, 15 S.Ct. 804, 39 L.Ed. 943; Sheldrake v. The Chatfield, D.C., 52 F. 495; The Flush, D.C., 274 F. 133; The Alesia, D.C., 42 F.2d 295; and The Katahdin, D.C., 4 F.Supp. 180. While it is true that this principle was announced in these cases, in none of them did the petitioner claim as subrogee of the libellant. In The Oregon this rule was announced by the Supreme Court in denying a third party the right to intervene to assert a cause of action against the sureties on a stipulation for the release of the vessel which was not the cause of action upon which the vessel had been seized. Of the remaining cases cited only in The Alesia

---

[1] Sections 7(a) and 14(a), Act of March 4, 1927, c. 509, 44 Stat. 1424, 33 U.S.C.A. §§ 907(a) and 914(a).

[2] "Rule 34. *How Third Party May Intervene*

"If any third person shall intervene in any cause of admiralty and maritime jurisdiction in rem for his own interest, and he is entitled, according to the course of admiralty proceedings, to be heard therein, he shall propound the matter in suitable allegations, to which, if admitted by the court, the other party or parties in the suit may be required, by order of the court, to make due answer; and such further proceedings shall be had and decree rendered by the court therein as to law and justice shall appertain. But every such intervenor shall be required, on filing his allegations, to give a stipulation with sufficient sureties or an approved corporate surety to abide by the final decree rendered in the cause, and to pay all such costs and ex-

penses and damages as shall be awarded against him by the court on the final decree, whether it is rendered in the original or appellate court, not to exceed however in any event the agreed or appraised value of the property so claimed by him, it, or them, with interest at six per cent. per annum and costs."

"Rule 42. *Claims against Proceeds in Registry*

"Any person having an interest in any proceeds in the registry of the court shall have a right, by petition and summary proceedings, to intervene pro interesse suo for delivery thereof to him, and on due notice to the adverse parties, if any, the court shall and may proceed summarily to hear and decide thereon, and to decree therein according to law and justice. And if such petition or claim shall be deserted, or on a hearing, be dismissed, the court may, in its discretion, award costs against the petitioner in favor of the adverse party."

was this rule applied to deny an insurer the right under Rule 34 to intervene in an action by a third party alleged to be liable for the loss of a cargo, but it must be noted that in that case the insurer had denied liability to its insured and sought to intervene solely for the purpose of availing itself of facts with respect to the custody and care of the merchandise and its condition so that it might use those facts in defense of an action instituted by its insured against it on its policy.

■■ Accordingly, the authorities most directly in point appear to allow a subrogee to intervene in admiralty under Rule 34 to enforce its claim to a part of the recovery by its subrogor against a third party. It is therefore unnecessary to consider whether under Rule 42 of the Admiralty Rules intervention would be permitted in the circumstances presented in the instant case.

Libellant, however, further contends that Jarka has in any event no right of subrogation because the payments which it made to Mitchell and for medical expenses incurred by him as a result of his injuries were voluntary and gratuitous on its part. This contention is in flat contradiction to the Longshoremen's and Harbor Workers' Compensation Act, Act of March 4, 1927, c. 509, 44 Stat. 1424, 33 U.S.C.A. § 901 et seq. Section 7 (a) of the Act, 33 U.S.C.A. § 907 (a), provides: "The employer shall furnish such medical, surgical, and other attendance or treatment, nurse and hospital service, medicine, crutches, and apparatus for such period as the nature of the injury or the process of recovery may require. * * *" Section 14 (a) of the Act, 33 U.S.C.A. § 914 (a), provides: "Compensation under this chapter shall be paid periodically, promptly, and directly to the person entitled thereto, without an award, except where liability to pay compensation is controverted by the employer."

■■ There can be no doubt, therefore, that Jarka, as the employer of libellant, paid the medical expenses for treatment of his injuries and paid compensation to him by virtue of the requirements of the Longshoremen's and Harbor Workers' Compensation Act. That it did not require libellant to invoke the enforcement provisions of the Act in no way renders it a volunteer so as to preclude it from claiming subrogation. If this were not so, an employer would never run the risk of paying compensation to, and the medical expenses of, an injured employee without compelling him to obtain an order therefor, a result which would be flatly at odds with the purpose of the Longshoremen's and Harbor Workers' Compensation Act to effect prompt and expeditious assistance to injured employees.

■■ Libellant's next contention is that Jarka is not entitled to recover that portion of the sums it expended for medical expenses to libellant for the reason that libellant did not pay those expenses and did not produce evidence as to them in his action for damages for the injuries which he received, as a result of which those sums could not have been considered by the court in fixing the damages which were awarded to the libellant in that action. Libellant concedes, however, that he was notified of Jarka's claim of subrogation when he instituted and tried the action for damages. He cannot disregard and thereby defeat this claim of subrogation by failing to produce evidence, or to call upon Jarka to produce evidence, of the medical expenses paid on libellant's behalf as a result of this action. It would, of course, have been no defense to the third party tort-feasor that these items were not paid by the libellant but by a third party on libellant's behalf, which third party was entitled to subrogation. The Propeller Monticello v. Mollison, 58 U.S. 152, 17 How. 152, 15 L.Ed. 68.

■ Libellant stresses the fact that since the amendment of Section 33 of the Longshoremen's and Harbor Workers' Compensation Act, 33 U.S.C.A. § 933, in 1938, it is only when compensation is paid "under an award in a compensation order filed by the deputy commissioner" that the employee's acceptance thereof effects an assignment to the employer of the employee's right to recover damages against the third party. Conceding for present purposes that the payment of compensation was not "under an award" within the meaning of this section, this results only in establishing that the libellant's right of action against the third party in the present case was not assigned to his employer by virtue of his acceptance of compensation. Accordingly, he was entitled to maintain and prosecute his action for damages, a right which he exercised without challenge. But this in no way relieves him of his duty to reimburse his employer out of any recovery against the third party for the injuries incurred, for the amount of compensation paid to him and for medical expenses expended on his behalf in

160

accordance with the provisions of the Longshoremen's and Harbor Workers' Compensation Act.

The petition of the Jarka Corporation is granted and the clerk of the court is directed to pay over to it the sum of $3,908.28 deposited in the registry of this court pursuant to the stipulation filed in this matter.