179 So.2d 76

**Patricia Elaine NICHOLSON et al., pro ami**

**v.**

**LOCKWOOD GREENE ENGINEERS, INC., et al.**

**7 Div. 675.**

Supreme Court of Alabama.

Sept. 30, 1965.

Henry E. Simpson, Birmingham, and Donald Lang, Sylacauga, for appellants.

Joe R. Wallace, Davies, Williams & Wallace, Birmingham, for Lockwood Greene Engineers.

Deramus & Johnston, Birmingham, for Bagby Elevator and Electric Co. and Lindsey A. Dean.

HARWOOD, Justice.

On 15 April 1963 Patricia Elaine Nicholson and Jeffrey Anita Nicholson, minor dependent children of J. D. Nicholson, deceased, who sued by their next friend and mother, Mrs. Juanita T. Nicholson, filed suit against Lockwood Engineers, Inc., Bagby Elevator and Electric Company, and Lindsey A. Dean, seeking damages for the alleged negligent death of their father, J. D. Nicholson.

The suit was filed under the provisions of Section 312, Title 26, Code of Alabama 1940, as amended, which section provides for suits against parties other than the employer where injury or death for which compensation is payable under Article 2 of our Workmen's Compensation Act was caused under circumstances also creating liability on the part of parties other than the employer.

Count 1 avers that on 18 February 1957, J. D. Nicholson, in the performance of his duties as an employee of Beaunit Mills, Inc., was electrocuted while working with an extension cord plugged into an outlet installed by the defendants Bagby and Dean under the supervision of the codefendant Lockwood Greene; that in 1951 Lockwood Greene contracted with Beaunit Mills to design and construct a plant for Beaunit, the electric systems of said plant to be used by the employees of Beaunit and without an inspection by Beaunit.

Count 1 further alleges that Bagby and Dean in 1952, installed the electrical system in the plant under the supervision of Lockwood Greene; that the defendants knew that if such electrical system was not properly installed it would be imminently and latently dangerous to the employees using same; that the defendants negligently installed the electrical system in a defective condition in that certain outlets, including the one used by J. D. Nicholson at the time of his death, were so connected as to cause electric current to be upon wires that should have been neutral and without current, thereby causing the shell of the electric light socket to be energized; that as a proximate result of such negligence, the death of J. D. Nicholson was caused when he received an electric shock in undertaking to replace a bulb in the socket of the extension light being used by him.

Count 2 adopts count 1 except that the words "knew, or should have known" are substituted for the word "knew" as it appears in count 1.

Count 3 adopts count 1 except that the words "that as a proximate consequence of the concurring negligence of the defendants aforesaid" are substituted for the words "that as a proximate consequence of said negligence" as they appear in count 1.

Count 4 adopts count 1 with certain minor changes not material.

The defendants demurred to the complaint, and to each count thereof separately and severally, and among the grounds assigned in support of the demurrers, and here argued, are:

(1) That the action was time barred, not having been brought within two years from the date of the death of J. D. Nicholson.

(2) That there was a misjoinder of parties plaintiff.

(3) That it was not alleged that the plaintiffs constituted all of the dependents of J. D. Nicholson.

(4) That no action could be maintained against the defendants as contractors upon construction work occurring eleven years prior to the action, where such work had been completed by the defendants and accepted by the owner in the year 1952.

The lower court sustained the demurrer to the complaint. Thereupon the plaintiffs took a nonsuit and this appeal is on the ruling to the demurrer.

■ While it is true that where a statute of limitations is sought to be interposed as a bar to an action at law, it must be specially pleaded and cannot be raised by demurrer (See Ellis v. Black Diamond Coal Mining Co., 265 Ala. 264, 90 So.2d 770), it was held in Woodward Iron Company v. Craig, 256 Ala. 37, 53 So.2d 586, that there is no statute of limitations applicable to actions brought under Section 123, Title 7, Code of Alabama 1940, our wrongful death statute, notwithstanding Section 25, Title 7, Code of Alabama 1940, providing for a statute of limitations of two years for an action to recover damages for a wrongful act, omission, or negligence causing death.

Section 312, Title 26, Code of Alabama 1940, gives to the dependents of an employee killed under circumstances creating liability against a third party a right to bring an action against such third party.

■ Such action, when brought, must be deemed to arise under the wrongful death statute, (Section 123, Title 7, Code of Alabama 1940), for there can be only one action for wrongful death. Liberty Mutual Ins. Co. v. Lockwood Green Engineering Co., Inc., 273 Ala. 403, 140 So.2d 821.

The last sentence of Section 123, supra, reads:

"Such action must be brought within two years from and after the death of the testator or intestate."

In Louisville and N. R. R. Co. v. Chamblee, 171 Ala. 188, 54 So. 681, it is stated:

"This period of two years is of the essence of the newly by the statute con-

ferred right of action, and the plaintiff has the burden of affirmatively showing that his action was commenced within the period provided. *It is not a limitation against the exercise of the remedy only.*" (Italics ours.)

In Parker v. Fies and Sons, 243 Ala. 348, 10 So.2d 13, it is stated that the two year period provided in the wrongful death statute within which a wrongful death action must be brought "is not a statute of limitations, but of the essence of the cause of action, to be disclosed by averment and proof."

■ Counsel for appellants, plaintiffs below, argue that because of the provisions of Section 36, Title 7, Code of Alabama 1940, the appellant minors should be given the period allowed by law for the bringing of their action after the termination of their disability of nonage.

■ The fallacy of this argument is that Section 36, supra, relates to statutes of limitation, and not to actions, such as the present one, where the time within which the statutorily created cause of action is fixed in the act creating the right, and is of the essence of the right.

In Larry v. Taylor, 227 Ala. 90, 149 So. 104, the court stated that the chief contention was that the statute of limitations of one year as provided in Section 7570, Code of 1923, was not a bar to an action by dependent minor children of tender years at the time of their father's death. Section 7570, supra, now appears as Section 296, Title 26 of our present code.

It was argued that the one year limitation provided in Section 7570 was arbitrary, discriminatory and void under the Fourteenth Amendment of the Federal Constitution, and Sections 1, 6, and 22, of our Constitution of 1901. In holding this argument untenable the court wrote:

"We are unable to see any sound basis for declaring this case without the general rule that a legislative act creating a claim, not theretofore existing, may prescribe the conditions and procedure under which such right is to be effectuated."

The doctrine of this case would necessitate the conclusion that the ruling of the lower court was correct. Particularly is this true since there is no saving clause in Section 123, Title 7, or in Section 312, Title 26, suspending or excepting the operation of the two year requirement in which suit must be brought under Section 123, supra, (Wrongful Death Action Statute), even as to those claimants under disability at the time the cause of action accrues.

In the absence of a saving clause, expressed or implied, in a wrongful death act creating an otherwise nonexisting cause of action, it seems to have been the unanimous view of the courts of our sister states that minority of the plaintiff is not tolled by virtue of the provisions relating to general statutes of limitations wherein such minority does toll the operation of a pure statute of limitations. This for the reason that the time provision within which a wrongful death act is of the essence of the action, and also, such limitation affects the liability itself, and not merely the remedy. See Anthony v. St. Louis I. M. and S. R. Co., 108 Ark. 219, 157 S.W. 394; Elliott v. Brazil Block Coal Co., 25 Ind.App. 592, 58 N.E. 736; Goodwin v. Bodcaw Lumber Co., 109 La. 1050, 34 So. 74; Foster v. Yazoo and M. V. R. Co., 72 Miss. 886, 18 So. 380; Rutter v. Missouri P. R. Co., 81 Mo. 169; The Katahdin, D.C., 4 F.Supp. 180. See also 132 A.R.R. 293 for full annotation of cases dealing with exceptions to limitation prescribed by death statutes or survival statutes creating cause of actions.

■ In the present case the death of Mr. Nicholson for which damages are now sought occurred on 18 February 1957. Suit seeking damages was filed on 15 April 1963, over six years later. Under the governing legal principles this was too late by some four years. The judgment below is due to be affirmed.

Since the rights of the plaintiffs to damages given by Section 123 had expired two years after the death of Mr. Nicholson, the remedy also expired. This principle is totally dispositive of this review and we therefore refrain from consideration of the other points argued in briefs.

Affirmed.

LIVINGSTON, C. J., and LAWSON, GOODWYN, MERRILL and COLEMAN, JJ., concur.