Emma J. SHEPARD, Plaintiff,

v.

CHRYSLER CORPORATION, a corporation, et al., Defendants.

Civ. A. No. 66–726.

United States District Court,
N. D. Alabama,
Northeastern Division.

June 17, 1969.

Edgar E. Smith, and Humphrey, Lutz & Smith, Huntsville, Ala., for plaintiff.

Harold F. Herring and Lanier, Shaver & Herring, Huntsville, Ala., for defendants.

**1180**

## OPINION IN LIEU OF FORMAL FINDINGS

GROOMS, District Judge.

Plaintiff, Emma J. Shepard, brought this action on November 29, 1966. The action was grounded upon the common law and the Alabama Employers' Liability Act. Defendant filed a motion for summary judgment. This motion was granted on May 23, 1967, since it appeared without contradiction that plaintiff sustained her injuries as a result of an accident that occurred on December 1, 1965, following which she accepted workmen's compensation payments in the amount of $314.85, and hospital and medical benefits in the amount of $502.-30. The motion was granted without prejudice to plaintiff's right to amend her complaint to state an action under the Alabama Workmen's Compensation Act. On the date of the order plaintiff amended asserting an action under the Act.

On March 18, 1968, defendant's motion to dismiss the complaint as amended and its alternative motion for summary judgment were each overruled. By its answer, in addition to a general denial, the defendant set up the Alabama statute of limitations of one year, Title 26 § 296, and a discharge from further liability under the Act by virtue of the payments of compensation referred to.

The Court heard the case on its merits on May 26, 1969. It has since read the several depositions which were offered on the trial.

■ It is noted that the amendment to the complaint asserting the Alabama Workmen's Compensation Act was filed more than one year after the date of the injury on December 1, 1965, and more than one year after the date of the last payment of compensation on February 15, 1966.

Section 296 of Title 26 of the Alabama Code of 1940 provides that all claims for compensation are barred unless within one year after the accident, or within one year after the last payment of compensation, a verified complaint is filed by the workman.

In Birmingham Belt R. Co. v. Ellenburg, 215 Ala. 395, 111 So. 219, the court on application for rehearing permitted an amendment changing a case brought under the Federal Employers' Liability Act to one under the Alabama Workmen's Compensation Act after the elapse of one year from the date of the accident. Two of the seven justices, including the one who wrote the original opinion reversing the case because of the allowance of the amendment, dissented.

In Pulliam v. Gulf Lumber Company, 5 Cir., 312 F.2d 505, Judge Rives, speaking for the court, in analyzing the opinions in *Ellenburg* said:

> "It was thus held that *the one year statute is no more than a statute of limitations to be construed in connection with other statutes relating to the limitation of actions, and that it was permissible to amend a complaint claiming damages under the Federal Employers' Liability Act so as to strike out that claim and claim compensation under the Workmen's Compensation Act of Alabama by an amendment filed more than three years after the occurrence of the accident.* That decision has been repeatedly followed in similar situations under the Workmen's Compensation Act of Alabama.[11] Those cases leave us in

11. Stith Coal Co. v. Alvis, 1932, 224 Ala. 603, 141 So. 663, 665; Ingalls Shipbuilding Corp. v. Cahela, 1948, 251 Ala. 163, 36 So.2d 513, 519; Braswell v. Brooks, 1957, 266 Ala. 141, 94 So.2d 879, 881.

> no doubt that the statute (Alabama Code of 1940, Title 26, Section 296) providing for the filing of a complaint within one year after the accident is just what its caption and its language indicate, a statute of limitations applicable to the claim or action, *that is, the remedy, and not a condition attached to the right or cause of action.*" (Emphasis supplied)

In B. F. Goodrich Co. v. Parker, 282 Ala. 151, 209 So.2d 647, it was urged that the failure of the record to show that the statute of limitations was called to the attention of the Court under a plea in short by consent, prevented the employer from raising the question on appeal. The employee relied on Southern Railway Co. v. McCamy, 270 Ala. 510, 120 So.2d 695, in which it was held that an amendable defect not called to the attention of the trial court could not be raised for the first time on a motion for a new trial. The court responding to this contention said:

"As we view the question now being considered, *we are not dealing merely with an amendable defect, but rather with a question of jurisdiction.* This for the reason that the rights our Workmen's Compensation Law created are rights not existing at common law. The act fixed the time within which it could be enforced. *It is a limitation on the right itself and not alone upon the remedy. The period within which such statutorily created rights must be asserted is of the essence of the cause of action, and is to be sustained by both averment and proof.* Parker v. Fies and Sons, 243 Ala. 348, 10 So.2d 13; Nicholson v. Lockwood Greene Engineers, Inc., 278 Ala. 497, 179 So.2d 76. The time limitations within which such actions must be brought is a condition precedent to the right to maintain such action and is jurisdictional. (See Annotations, 78 A.L.R., p. 1294 et seq., for innumerable authorities.)" (Emphasis supplied)

The language employed in *Pulliam, supra,* in vital particulars is inconsistent with that in the *Parker* case. The court in *Parker* makes no mention of the *Ellenburg* case. In *Parker* there was no question of an amendment such as that involved in *Ellenburg.* But notwithstanding this fact has *Ellenburg* been overruled in principle to the extent that this Court under *Erie* must follow *Parker* even though an amendment to an existing complaint is here involved, as distinguished from the filing of an original complaint? On principle it appears that the court in *Parker* has reverted to the original, and the dissenting opinion on rehearing in *Ellenburg.*

Rule 15(c), F.R.Civ.P. as amended provides in part that:

"Whenever the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth * * * in the original pleading, the amendment relates back to the date of the original pleading."

The 1966 amendment to the rule relates to changing the party against whom the claim is asserted, and provides that such amendment may be made if the above quoted provision is satisfied, "and, *within the period provided by law for commencing the action * * *,* the party to be brought in by amendment," [emphasis supplied] receives such notice that he will not be prejudiced, and knew or should have known that, but for a mistake as to the identity of the proper party, the action would have been brought against him.

It will be observed that as to an amendment with respect to a *claim or defense* there is no limitation as to the time of filing of such an amendment as there is with respect to an amendment as to a *party.* In this case there is no question as to the addition of a party. The incident was an accident from the beginning, although in the original suit and in the first amendment filed on March 1, 1967, the averments of the several counts of the complaint are that from October 9, 1962, through December 1, 1965, plaintiff was exposed to and did breathe polyurethane fumes and that "gradually over a period of time by reason of such inhalations and absorptions the plaintiff was caused to be injured * * *" The basic facts have not changed. The amendment purports to meet the facts as they actually exist.

The *Parker* case is based upon a lack of subject matter jurisdiction. In this case the Court acquired jurisdiction of

the subject matter when the original suit was filed, since that suit involved "the conduct, transaction or occurrence," asserted by the amendment upon which the action as presently presented is grounded. *Parker* did not involve the relation back of an amendment such as we have here, and such as was involved in *Ellenburg*. In the absence of an overruling of *Ellenburg* by *Parker*, or even the mentioning of the former by the latter, and under Rule 15(c), the Court is of the opinion that the statute of limitations of one year is not here applicable, and the question heretofore propounded must be answered in the negative.

 Plaintiff was first employed by the defendant on October 9, 1962, and from that time up until December 1, 1965, she was exposed to polyurethane fumes to some extent. Up until about two weeks prior to the latter date plaintiff had worked in a properly ventilated area at which time she was transferred into a new area. The ventilation in this area was not finished at the time of the transfer. On December 1 while plaintiff was engaged at her work another employee came into her separate work area to heat some of the polyurethane on a hot plate. This employee stirred some of it out on the hot plate, causing a terrible odor. Plaintiff shortly became sick and left the room, but soon returned. She was forced to leave a second time and continued to be sick. She was then taken to a rest room where she vomited and fainted. While she was in the latter state she was taken to a hospital. She was released on the first day, but while she was dressing to leave, she fainted and was put back to bed for another day. She was nauseated and had severe headaches while she was in the hospital. The nausea and headaches continued after she left the hospital. She returned to work at the end of two weeks, but was not permitted to go back to the room where polyurethane was employed. She vomited from time to time and had headaches, and went back to the hospital on December 25, 1965, and re-

mained there until January 3, 1966. She manifested the same symptoms and suffered from the same complaints. She returned to work on February 17, 1966, and worked until May 19, 1966, but continued unwell during the period. She was laid off on May 19, 1966, and re-entered the hospital on June 6 where she remained until June 15. She went back to work on October 10, 1966, and worked until November 18, 1966. Near the end of this period she "passed out" twice, and during this and other periods of employment was almost continuously sick. Her employment status was finally terminated in January 1967. She has not worked since November 18, 1966. She was thereafter in hospitals, other than on an emergency basis, from January 1st to January 8, 1967; from August 8 to August 19, 1967; from November 7 to November 20, 1967; from June 26 to July 3, 1968; from October 28 to November 12, 1968; and from January 10 to February 4, 1969. She was in hospitals in Huntsville for emergency treatment on June 6, November 23, December 5, 10, 26, 27 and 31, 1966; on January 1, February 24, April 29, May 21 and 22, July 28, August 8, and November 7, 1967; on January 1, 12 and 21, February 1, March 21 and 30, April 13, May 8 and 20, August 17, 18 and 30, September 4, 10, 26 and 27, October 2, 10 and 18, November 23, December 15 and 29, 1968; and on January 4 and 10, March 9 and 25, and April 6, 1969. The confinement from August 8 to 19, 1967, was in a hospital in Pontiac, Michigan, and the confinement from October 28 to November 12, 1968, was in a hospital in Chicago, Illinois. The other confinements were in Huntsville hospitals.

Plaintiff's hospital bills, which are reasonable in amount, total $5,359.40. Since December 1, 1965, she has been under the care of about a dozen doctors.

Plaintiff had no problem of headaches, nausea, vomiting or allergy prior to December 1, 1965. She becomes sick and nauseated and suffers from headaches when she is exposed to many chemicals, including household chemi-

cals, cleaning compounds, detergents and the like. Strangely, she is not allergic to foods.

There is a dispute in the medical testimony as to the cause of plaintiff's condition. The Court will not attempt to analyze all the contentions or to reconcile them.

\* \* \* \* \* \*

The Court finds that the plaintiff is not a malingerer. She was well before December 1, 1965. She had an accident on that date while she was engaged in the line and scope of her employment as an employee of the defendant. Since then she has been and is now disabled, totally and permanently.

In New River Coal Co. v. Files, 215 Ala. 64, 109 So. 360, the court held that a miner was entitled to recover under the Act where the evidence tended to show that while engaged in coal mining he was overcome and for a time rendered unconscious from breathing a current of air containing carbon dioxide or carbon monoxide, or both, which entered his insufficiently ventilated work area. The following is noted from the opinion:

"We have no difficulty in holding that whatever injury and disability resulted proximately from this event was due to accident within the meaning of the act. Whether his suffocation resulted from breathing such air for several hours, or the inflowing air from the other room for a few minutes, the event 'happened suddenly and violently,' as contradistinguished from occupational disease. Taking this evidence as true, the injury was referable to a definite time, place, and circumstances. \* \* \*

"A disease 'results proximately from the accident' if the disease is induced by lowered resistance proximately caused by the accident, or if it is aggravated or accelerated by the accident so that the disabling injury results proximately from the accident— would not have developed but for the accident. The benefits of the Workmen's Compensation Law (Code, §§ 7543–7597) are not limited to those in perfect health. The test is: Was the accident a proximate contributing cause acting upon the particular individual to produce the disability to work, whether directly or through disease? \* \* \*

"That the employee was in apparent good health, able to work regularly, that from and after the accident he was unable to work, had symptoms of heart weakness, that disability from abnormal heart condition appeared on examination at the time of the trial, furnishes some evidence of causal connection between the accident and the disability.

"Giving full effect to the opinion evidence that persons in good health quickly and fully revive from the effects of carbon dioxide without lasting injury, this must be viewed in the light of all the evidence. It cannot be said with certainty that carbon dioxide alone caused the suffocation."

The Court finds that plaintiff is entitled to recover under the Alabama Workmen's Compensation Act. The payments which she received were for specific periods and were not in full settlement of all future benefits under the Act.

The reasonable value of hospital and medical services necessarily incurred far exceeds the statutory maximum of $2,-400.00, Section 293. The maximum will be reduced by the sum of $502.30 heretofore received from the defendant.

Plaintiff's average weekly earnings were $135.00 per week, which entitled her to the maximum weekly benefits of $38.00 per week, Section 289. She is entitled to recover compensation for a total of 400 weeks as provided by Section 279(E)3, less 8 weeks and 2 days for which she has been paid. She is presently entitled to past-due compensation since December 1, 1965, less the payments referred to, and not including the twenty weeks during which she was paid her wages, or a total of 156 weeks as of June 16, 1969.

Counsel for the plaintiff, Messrs. Humphrey, Lutz and Smith, will be allowed attorney's fees of 15% of the amount of the compensation awarded, Section 261.

A judgment will be entered for the plaintiff in accordance with these findings and conclusions.