This cause having been placed on rehearing ex mero motu, the special concurrence accompanying the opinion released on September 25, 1981, is withdrawn, and the following special concurrence is substituted therefor
I concur specially to emphasize the significance of the holding in contexts outside and beyond the facts of the instant case. Here, the wrongful death two-year period has the effect of "extending" the time period within which to commence the wrongful death action. In the context of the discovery or tolling provisions of the Medical Liability Act, however, it could have the effect of "shortening," rather than "extending," the time frame for commencing the action. In other words, with respect to the "lengthening" or "shortening" of the period of limitations, the Medical Liability Act's discovery and tolling provisions are inapplicable to a wrongful death actionNicholson v. Lockwood Greene Engineers, Inc., 278 Ala. 497,179 So.2d 76 (1965). See, also, Pollard v. United States,384 F. Supp. 304, (M.D.Ala. 1974). Because the Wrongful Death Act contains the only statute of limitations applicable to wrongful death actions, its two-year period from the time of death, within which the action may be commenced, is unaffected by the discovery or tolling provisions in the Medical Liability Act
This is not to say, however, that the discovery and tolling provisions of the Medical Liability Act have no field of operation in testing whether "the . . . intestate could have commenced an action . . . if [the injury] had not caused death." § 6-5-410 (a). In other words, while the Wrongful Death Act's two-year period is unaffected by any of the provisions of the Medical Liability Act, the discovery and tolling provisions of the latter act may be crucial in determining whether an action for wrongful death survives
A couple of examples may be helpful: Suppose the parents of a minor who died at age two, allegedly caused by medical malpractice, brought suit just prior to the child's eighth birthday. Clearly, the statute of limitations defense would prevail because the tolling provision of the Medical Liability Act ("until his eighth birthday") could not be invoked to lengthen the Wrongful Death Act's two-year period of limitations. On the other hand, if the child died just prior to his eighth birthday, allegedly the result of a medical malpractice injury at the age of two, the Wrongful Death action could be commenced within two years from the date of the child's death. The discovery provisions of the Medical Liability Act are subject to like application
Stated another way, nothing in the Medical Liability Act can lengthen or shorten the two-year provision in the Wrongful Death Act; but, depending upon the facts of any given case, the discovery and tolling provisions of the Medical Liability Act may be determinative of whether the intestate's cause of action survives the death, i.e, whether the intestate, at the time of death, could have commenced the action had the injury not caused death *Page 871