JONES, Justice.
The dispositive issue raised by this appeal is whether the plaintiff’s wrongful death action, brought pursuant to 42 U.S.C. § 1983, is time-barred by the Alabama Wrongful Death Act’s two-year period of limitations, or whether it is timely under the federal statute, as judicially interpreted.[1] The trial court held the action time barred. We agree and affirm,
*239 In 1984, the plaintiff, as personal representative of Lelia Long’s estate, brought a wrongful death action (pursuant to Ala. Code 1975, § 6-5-410) against the Jefferson County Nursing Home, Dr. James P. Hodges (Lelia Long’s attending physician), and three nurse employees of the nursing home. Final summary judgments were entered in favor of all the defendants. No appeal was taken.
On July 31,1987, Mildred Long, again, as personal representative of Lelia Long’s estate, filed suit against Dr. Hodges, the nursing home dietician, the nursing home social worker, and 16 nurse employees of the nursing home pursuant to 42 U.S.C. § 1983. (Dr. Hodges and only 5 of the remaining defendants were served with notice of process; and these 6 defendants comprise all the appellees in this appeal.) The plaintiff alleged that the defendants had violated Lelia Long’s rights to life, liberty, and property as guaranteed in the 14th Amendment to the United States Constitution.
The defendants filed motions to dismiss, setting out two grounds: 1) The final judgments in the 1984 suit invoked the doctrine of res judicata; and 2) the appropriate “statute of limitations” of this § 1983 action is the two-year period prescribed by Alabama’s Wrongful Death Act, Ala.Code 1975, § 6-5-410. The plaintiff appeals from the trial court’s dismissal of the plaintiff’s claims against all the defendants (Dr. Hodges and the 5 served nursing home employees).
We begin our analysis of the limitations issue with a summary of the respective positions of the parties.
THE PLAINTIFF: Because 42 U.S.C. § 1983 is silent with respect to survivability of a claim when the plaintiff’s intestate dies as a result of alleged civil rights violations, § 1988 allows reference to state common law and statutory law for a remedy not inconsistent with the Constitution and the laws of the United States. Pollard v. United States, 384 F.Supp. 304 (N.D.Ala.1974). Alabama’s wrongful death statute allows this cause of action to survive the death of Lelia Long.
The statute of limitations applicable to this action, however, is not the two-year statutory period in § 6-5-410. Under the holdings in Wilson v. Garcia, 471 U.S. 261, 105 S.Ct. 1938, 85 L.Ed.2d 254 (1985), and Jones v. Preuit & Mauldin, 763 F.2d 1250 (11th Cir.1985), there is to be one “most applicable” state law statute of limitations in each state which is to govern all § 1983 claims in that state. In Alabama that period is the six-year period found in § 6-2-34(1).
THE DEFENDANT: No “statute of limitations,” as that term is legally understood, is applicable to the instant case, because the plaintiff’s cause of action is time-barred by the substantive rights created within the Wrongful Death Statute — § 6-5-410. Any suit, whether in state court or in federal court in the guise of a § 1983 action must, pursuant to § 6-5-410, be brought within two years of the wrongful death.
The case of Carter v. City of Birmingham, 444 So.2d 373 (Ala.1983), is authority for the proposition that the Alabama Wrongful Death Statute (§ 6-5-410) must govern claims under § 1983 for wrongful death. Jones v. Preuit & Mauldin, supra, was decided in the context of a personal injury action, and is not applicable to wrongful death actions, because this State’s Wrongful Death Act specifies a two-year limitations period in the remedy itself.
DECISION
The primary teaching of Wilson is to the effect that the trial court must examine the “essential nature” of the wrongful act alleged as being violative of rights protected by § 1983 and then apply the analogous State statute of limitations. The 11th Circuit Court of Appeals, in Jones, supra, followed the dictates of Wilson, supra, and examined the “essential nature” of a wrongful attachment action filed against a local sheriff. The Jones Court, guided by Wilson, but interpreting state law, defined its task:
“[t]o choose the one Alabama limitations statute governing claims for recovery of damages for ‘personal injury’ that federal courts should borrow for purposes of 42 U.S.C. § 1983.”
Jones, 763 F.2d at 1253.
Drawing on the legislative history of the 1871 act, the Jones court noted that it followed the War Between the States and that court likened the conduct sought to be remedied to intentional acts of trespass, *240 and thus applied the 6-year statute of limitations prescribed for “personal injury” based on the trespass remedy contained in Ala.Code, § 6-2-34(l).[2] Unlike the “personal injury” in Jones, however, the “essential nature” of the instant claim is for the wrongful death of the plaintiff’s decedent pursuant to § 6-5-410.
We do not believe that the purpose of Wilson ’s mandate was to destroy the time-honored distinction between the traditional concepts of a statute of limitations and a statute that prescribes a limitations period as part of the substantive cause of action, unless the period prescribed is so short as to unduly restrict the exercise of the federally vested right. The 2-year period allowed by § 6-5-410 is not so short as to frustrate the claimant’s exercise of a § 1983 right of action.[3]
In Cofer v. Ensor, 473 So.2d 984 (Ala.1985), we observed:
“This Court has recognized the general rule that a distinction exists between a true statute of limitations and a statute which creates a new right of action with an express restriction on the time within which an action may be brought to enforce the right.
[[Image here]]
“ ‘In one [a statute of creation], the limitation [period] is so inextricably bound up in the statute creating the right that it is deemed a portion of the substantive right itself. In the other [a statute of limitation], the limitation is deemed to affect only the remedy and does not constitute part of the substantive right. By affecting the remedy, it is meant that the statute establishes the time frame in which a party may seek to enforce his claim. The running of the latter type of statute of limitation does not extinguish a party’s right, but merely precludes his judicial assertion of that right. 51 Am.Jur.2d Limitation of Actions §§ 8, 15, 22.
“ ‘Alabama decisions state that a statute of limitations, unless the act specifically declares otherwise, is construed as affecting the remedy only. [Citations omitted.]’
“Consequently, where a prescriptive period is contained within the statutory grant of a cause of action, it is a statute of creation, and the period is deemed a portion of the substantive right itself, not subject to tolling provisions. See Nicholson v. Lockwood Greene Engineers, Inc., 278 Ala. 497, 179 So.2d 76 (1965). On the other hand, where the prescriptive period comes from without the statute, it is a statute of limitations, to which the tolling provisions apply.
“ ‘Whether an enactment is in the nature of a conditional statute, or whether it is a statute of limitations, should be determined from a proper construction of its terms. The fact that the limitation is in the same statute as the one creating the new liability is persuasive of the fact that it is intended as a condition of the right created.’ (Emphasis added.) 51 Am.Jur.2d Limitation of Actions § 15, p. 600 (1970).”
Cofer v. Ensor, 473 So.2d at 987. See, also, McMickens v. Waldrop, 406 So.2d 867 (Ala.1981) (holding that the Wrongful Death Statute’s self-contained two-year period controls over the Medical Liability Act’s specific statute of limitations).
In Carter v. City of Birmingham, 444 So.2d 373 (Ala.1983), the Court reviewed the relationship between a § 1983 claim and Alabama’s wrongful death remedy. There, the plaintiff, via § 1983, sought to enlarge Alabama’s “punitive damages only” rule to include compensatory damages. Rejecting the plaintiff's “survival of a § 1983” theory, the Court held: “Reference must be made to the Alabama Act, and ... her claim for compensatory damages under § 1873 does not survive.” 444 So.2d at 374. Thus, by analogy, in our application of state law to a federal law claim, reference must be made to Alabama’s Wrongful Death Act to ascertain the applicable period of limitations.
We hold, therefore, that the trial court did not err in dismissing the plaintiff’s wrongful death claim pursuant to 42 U.S.C. *241 § 1983 based on the negligent acts of the defendants.
AFFIRMED.
TORBERT, C.J., and SHORES, HOUSTON and STEAGALL, JJ., concur.
MADDOX and ADAMS, JJ., concur in the result.

. Other defenses, including the doctrine of res judicata, were raised in the trial court and argued on appeal. Our failure to address these issues, as well as the issue whether the "lack of due care” gravamen of the plaintiff’s complaint presents a cognizable § 1983 claim, is not to be construed as an expression of this Court’s opinion with respect to the merits of any of the unaddressed issues.

. See, however, Owens v. Okure, — U.S. -, 109 S.Ct. 573, 102 L.Ed.2d 594 (1989), modifying the holding in Wilson. Owens holds that the general or residual personal injury statute of limitations is applicable to § 1983 actions.